IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ISIKEL, LLC** § | | |
|     **Plaintiff** § | | |
| § | | |
| **V.** § | C.A. NO. 4:19-cv-04439 | |
| § | | |
| § | | |
| **JACKSBOSTON, LLC, COURTLAND** § | | |
| **RUSH, AND KEEGAN RUSH** § | | |
|     **Defendants** § | | |

**DEFENDANT'S FIRST AMENDED COUNTERCLAIMS
AND ADDITION OF PARTIES WITH JURY DEMAND**

COMES NOW, Defendants JACKSBOSTON, LLC, COURTLAND RUSH, AND KEEGAN RUSH (collectively, "Defendants"), and files this their Answer to Plaintiff ISIKEL, LLC'S Complaint and First Amended Counterclaim. Defendants/Counter Plaintiff respectfully shows as follows:

Defendant Jacksboston, LLC (hereafter, "Jacksboston" or "Counter Plaintiff") hereby brings its Counterclaims against Plaintiff and interpleads new Defendants and alleges as follows:

### I.   THE PARTIES

1.     Counter Plaintiff Jacksboston, LLC, is a North Carolina limited liability company with its principal place of business in Clayton, North Carolina. Jacksboston, LLC's members are all citizens of North Carolina. No member of Jacksboston, LLC is a citizen of Texas.

2.     Counter Defendant Isikel, LLC (hereafter, "Isikel" or "Counterclaim Defendant") is a Texas limited liability company and maintains a place of business at 26618 Prairie Street, Spring, Texas 77373 and has appeared and answered in this case.

3. On information and belief, interplead Defendant **Guadalupe Vazquez** (hereafter, "Vazquez") is a Member of Counter Defendant Isikel and a resident of Texas and can be served with citation at 26618 Prairie Street, Spring Texas 77377 or through her counsel.

4. On information and belief, interplead Defendant **Valerie Vickrey** (hereafter, "Vickrey") is a Member of Counter Defendant Isikel and a resident of Texas and can be served at 26618 Prairie Street, Spring Texas 77377 or through her counsel.

5. On information and belief, interplead Defendant **Alan Habash** (hereafter, "A. Habash") is a Member of Counter Defendant Isikel and is a resident of Texas and can be served at 26618 Prairie Street, Spring Texas 77377 or through his counsel.

6. On information and belief, interplead Defendant **Jennifer Habash** (hereafter, "J. Habash") is a Member of Counter Defendant Isikel and is a resident of Texas and can be served at 26618 Prairie Street, Spring Texas 77377 or through her counsel.

## II.     JURSIDICTION AND VENUE

7. This Counterclaim involves trademark infringement under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.* by Counter Defendants. It also involves breach of an Asset Purchase Contract and breach of an Equipment Lease by Isikel.

8. This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 116(a), 1121, and 28 U.S.C. §§ 1331 and 1338.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1332 because (a) the parties are citizens of different states and (b) the amount in controversy exceeds $75,000.

10. For the purposes of this Answer and Counterclaims, venue is proper in this judicial district because Counter Defendant Isikel is a Texas limited liability company and has voluntarily consented to jurisdiction in this district by filing the underlying lawsuit in the Court of Harris

County Texas. Counter Plaintiff removed this case from the Court in Harris County Texas to the United States District Court for the Southern District of Texas.

11. This Court has personal jurisdiction over Counter Defendant Isikel because it is a Texas limited liability company that operates with its principle place of business in this judicial district in Texas.

12. This Court has personal jurisdiction over individuals Vazquez, Vickrey, A. Habash, and J. Habash because, upon information and belief they are all residents of this judicial district, they are Members of the Isikel, that operates with its principle place of business in this judicial district, and they all voluntarily consented to jurisdiction in this district by filing the underlying lawsuit in the Court of Harris County Texas.

## II. BACKGROUND

13. Jacksboston owns the Piper Lou® name and related trademark (the "Mark"), tradename, as well as the goodwill associated with that Mark. A true and correct copy of United States Patent and Trademark Office trademark registration for the Mark is attached here as **Exhibit A**.

14. The classes of goods for which the Piper Lou® Mark was registered at the United States Patent and Trademark Office include hats, T-shirts, and drinkware. Jacksboston has been engaged in commercial activities including promoting, advertising, and selling merchandise bearing the Mark throughout the United States since August 1, 2016.

15. Jacksboston has, for example, promoted, advertised, marketed, and sold goods bearing the Piper Lou® Mark on Internet platforms including the Piper Lou® website (www.piperloucollection.com), as well as Facebook (facebook.com/piperloucollection/), and Shopify.

**ISIKEL**

16. In July of 2017, Jacksboston and Isikel entered into an agreement, the "Asset Purchase Contract," by which Isikel, the "Buyer" agreed to purchase certain equipment from Jacksboston, the "Seller" for the purchase price of $400,000.00. Isikel agreed in the Asset Purchase Contract to make an initial payment of $40,000.00 and to finance the balance of the purchase price from Jacksboston.

17. Two M&R M-Link Digital Printers are the equipment purchased in the Asset Purchase Contract. Isikel stopped making the payments, "the Equipment Lease," to Jacksboston for the full payoff of the Asset Purchase Contract, leaving $87,000.00 remaining to be paid by Isikel to Jacksboston.

18. Jacksboston and Isikel also entered into an "Exclusivity Agreement" ancillary to the Asset Purchase Contract. In this Agreement, Jacksboston, the "Seller" agreed to use Isikel, the "Buyer," for all current and future print business and would ship between 10,000 and 12,000 items to Buyer from Blue Pack Marketing, Jacksboston, LLC, Piper Lou, Piper Lou Collection and/or any other Blue Pack Marketing brands combined monthly. Jacksboston was performing under the agreement. The Agreement was exclusive in that Seller would exclusively utilize Buyer for all such orders, especially to include all apparel and tumbler business.

19. Isikel failed to uphold its obligations under the Exclusivity Agreement by, for example and without limitation, routinely and regularly failing to fill purchase orders from Jacksboston in a timely manner, and so therefore requiring Jacksboston to cancel or reduce sales orders.

20. Under the Exclusivity Agreement, Isikel had a limited license to only produce licensed products bearing the Piper Lou® Mark (or any other trademark owned by Jacksboston) as ordered and/or authorized by Jacksboston.

21. Without Jacksboston's knowledge, consent, or authorization, and clearly not in connection with any Jacksboston purchase order, Isikel produced a large number of hats bearing the Piper Lou® Mark, and, it is believed, to have 60,000-70,000 more such hats in its inventory.

22. Isikel does not have Jacksboston's authorization, consent, or permission to sell, assign, transfer or otherwise dispose of the hats, or any other merchandise that bears the Piper Lou® Mark, or any other trademark owned by Jacksboston.

## ALTER EGO ALLEGATIONS AS TO INDIVIDUALS VAZQUEZ, VICKREY, A. HABASH, AND J. HABASH

23. On information and belief, Defendants Isikel, Vazquez, Vickrey, A. Habash, and J. Habash, and each of them, are and were the alter ego of each other, and each of them, and the actions, representations, and other conduct alleged hereinafter of one are and were the actions, representations, and conduct of the others, and each of them is and was bound thereby as having done, made, and/or committed the same directly. At all times mentioned herein, the conduct of Defendants Isikel, Vazquez, Vickrey, A. Habash, and J. Habash, and each of their conduct, is and was the action, representation, and conduct of each other, and each is and was to be obligated, responsible, held liable, and charged thereby.  Also, on information and belief, Defendants Isikel, Vazquez, Vickrey, A. Habash, and J. Habash, and each of them, are and were each the agent, servant, and employee of the others, and each of them, and, to the extent of doing the acts alleged herein, each acted within the course and scope of said agency or employment.

24. Defendants Vazquez, Vickrey, A. Habash, and J. Habash, and each of them, are jointly and severally liable for the wrongful conduct of Isikel, and Isikel is jointly and severally

liable for the wrongful conduct of Defendants Vazquez, Vickrey, A. Habash, and J. Habash, because Defendants Vazquez, Vickrey, A. Habash, and J. Habash, and each of them, are the alter ego of Isikel and Isikel is the alter ego of Defendants Vazquez, Vickrey, A. Habash, and J. Habash. The separate identities of each of these Defendants must be disregarded, and they must be treated as one entity, to prevent use of the corporate fiction as an unfair device to inflict injustice on Counter Plaintiff Jacksboston.  On information and belief, Defendants Vazquez, Vickrey, A. Habash, and J. Habash are members of Isikel, and Defendants Vazquez, Vickrey, A. Habash, and J. Habash manage and jointly and in concert make the decisions for Isikel. On information and belief, Isikel has no assets of its own. On information and belief, Defendants Vazquez, Vickrey, A. Habash, and J. Habash use Isikel's funds and assets and take improper payments, salaries, distributions, draws, compensation, loans, or other funds from Isikel to pay their own personal debts, obligations, or liabilities. On information and belief, Defendants Vazquez, Vickrey, A. Habash, and J. Habash completely control, dominate, manage, and operate Isikel.

25.     Isikel is a mere shell, instrumentality and conduit through which Defendants Vazquez, Vickrey, A. Habash, and J. Habash, carry on their business, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Isikel does not, and at all times mentioned herein do not, exist. Adherence to the fiction of the separate existence of Isikel as an entity distinct from Defendants Vazquez, Vickrey, A. Habash, and J. Habash would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

## FACTS COMMON TO ALL DEFENDANTS
## AND ALL CLAIMS FOR RELIEF

26.     Jacksboston is informed and believes that Defendants Isikel, Vazquez, Vickrey, A. Habash, and J. Habash (collectively, "The Counter Defendants"), were at all times herein

mentioned, and still are, related entities, either as associates, affiliates, partners, agents, joint venturers, or subsidiaries of one another, or by common ownership or control, or by agreement between them. By reason of such relationship, The Counter Defendants were at all times herein mentioned, and still are, acting on behalf of one another, and in performing the acts and conduct alleged herein below, were acting within the course and scope of their agency and employment. Furthermore, Jackboston understands and believes that Counter Defendants Vazquez, Vickrey, A. Habash, and J. Habash are the persons who operate and control all activities of Isikel and all its online activities on the Internet, or World Wide Web, as well as certain online marketplaces. Jacksboston has also been informed and believes that Counter Defendants Vazquez, Vickrey, A. Habash, and J. Habash are the persons who decided to use and who implemented the use of the Piper Lou® mark on or in connection with Isikel's business in commerce, including transactions and agreements concerning use of the Piper Lou® mark and merchandise including the Piper Lou® mark.

27. Counter Defendants have engaged in transactions with Jacksboston to license use of the Piper Lou® mark on goods in commerce. By reason thereof, Counter Defendants have both constructive and actual knowledge of Jacksboston's ownership of the registered Piper Lou® mark, and of the good reputation and goodwill associated with said Piper Lou® mark.

28. By reason of Counter Defendants' actual knowledge of Jacksboston's ownership of the Piper Lou® mark, and of the reputation and goodwill associated therewith, and by reason of Counter Defendants' continued use of the Piper Lou® marks without permission despite repeated written demands from Jacksboston to cease and desist from such conduct, Counter Defendants use of the Piper Lou® mark on goods for sale in commerce was willful and was with deliberate intent to trade or capitalize on, and benefit from, the fame, reputation and goodwill associated with the

Piper Lou® marks, by confusing or deceiving the consuming public into believing that Counter Defendants are affiliated, associated, licensed or sponsored by Jacksboston. Upon information and belief, the foregoing acts of Counter Defendants in fact caused public confusion as intended by Counter Defendants.

### III.     COUNTERCLAIM 1: Breach of Contract

29.     Jacksboston re-alleges the previous paragraphs, as set forth in their entirety, and incorporates each of them separately and severally herein for all purposes.

30.     Jacksboston and Isikel entered into an Asset Purchase Contract and Exclusivity Agreement.

31.     The Asset Purchase Contract and Exclusivity Agreement constitute lawful and binding contracts.

32.     Jacksboston performed all of its obligations under the Asset Purchase Contract and Exclusivity Agreement.

33.     As described above, Isikel's failure to pay the Equipment Lease is a breach of the Asset Purchase Contract.

34.     Isikel's conduct, as described above, is a breach of the Exclusivity Agreement.

35.     By virtue of the foregoing acts, Isikel has breached both the Asset Purchase Contract and the Exclusivity Agreement.

36.     Isikel's breaches damaged Jacksboston.  Jacksboston is entitled to damages in an amount to be proven at trial including, but not limited to, lost profits from orders not filed and/or not timely filled by Isikel and, alternatively and cumulatively profits on all orders Isikel filled using products bearing the Mark without consent of Jacksboston

37. Jacksboston is additionally entitled to its reasonable attorneys' fees and court costs as authorized by Chapter 38 of the Texas Civil Practice and Remedies Code.

### IV.   COUNTERCLAIM 2: Trademark Infringement

38. Jacksboston re-alleges the previous paragraphs, as set forth in their entirety, and incorporates each of them separately and severally herein for all purposes.

39. Jacksboston has registered its Mark with the United States Patent and Trademark Office.

40. Since registering its Mark, Jacksboston has extensively advertised is Mark in connection with commercial sales, marketing, and promotion of its products throughout the United States.

41. Since registering its Mark, Jacksboston consistently polices its Mark.

42. Counter Defendants have no right to use Jacksboston's Mark without Jacksboston's consent.

43. Notwithstanding demands by Jacksboston for Counter Defendants to cease use of the Mark in the operation of their competing business in violation of the Lanham Act, Counter Defendants continues to do so.

44. Counter Defendants acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive as to the origin of products bearing or associated with the Mark. For example, as illustrated in **Exhibits B and C** filed with this Answer and Counterclaims, Counter Defendants has shipped products bearing the Mark to customers in packaging stating that the origin of the goods was Sandy Cheeks Apparel.

45. Counter Defendants shipment of goods, including hats, bearing the Mark, consists of use in commerce and because the goods crossed multiple state lines, it also consists of interstate commerce.

46. Counter Defendants use in commerce of the Mark without the consent of Jacksboston is causing confusion and deceiving the public into believing, contrary to fact, that the unauthorized activities of Isikel are licensed, authorized, sponsored, or otherwise approved by Jacksboston.

47. Jacksboston has suffered and is continuing to suffer harm and has incurred and is continuing to incur monetary damage caused by Isikel's, and individuals Vazquez, Vickrey, A. Habash, and J. Habash's, activities. The damage from Isikel's and individuals Vazquez, Vickrey, A. Habash, and J. Habash's activities are considerable and continuing.

48. By virtue of the foregoing acts and conduct, Jacksboston is entitled to, among other things, an award of actual damages, enhanced damages, reasonable attorney's fees, and costs under Section 35 of the Lanham Act, 15 U.S.C. § 1117, together with prejudgment and post-judgment interest.

## V.   JURY DEMAND

49. Defendants/Counter Plaintiffs Jacksboston, Courtland Rush, and Keegan Rush hereby seek a jury trial of all issues in this case.

## VI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Jacksboston, LLC, Courtland Rush, and Keegan Rush respectfully request that the Court dismiss with prejudice the claims against them, and that Plaintiff takes nothing by its claims. Additionally, Counter Plaintiff

Jacksboston, LLC respectfully prays for a judgement under any theory or cause of action alleged in its counterclaims and proved as follows:

    A)    Judgment for Direct Damages;
    B)    Pre-Judgment Interest and Post-Judgment Interest as allowed by law or contract;
    C)    Exemplary damages;
    D)    Counterclaim Defendants profits and Counterclaim Plaintiff's damages pursuant to 15 U.S.C. § 1117(a);
    E)    Reasonable and necessary attorney's fees pursuant to Texas State law and 15 U.S.C. § 1117(a):
    F)    Injunctive relief pursuant to 15 U.S.C. § 1116(a)
    G)    Costs of court; and
    H)    Such other and further relief, both at law and in equity, to which it may show itself to be justified.

DATED: March 24, 2020.

                                Respectfully submitted,

                                **HOOVER SLOVACEK LLP**

                                By:   */s/ Courtney E. Palm*
                                        Courtney E. Palm
                                        SDOT No. 36917
                                        State Bar No. 24041641
                                        T. Michael Ballases
                                        SDOT No. 629795
                                        State Bar No. 24036179
                                        5051 Westheimer, Suite 1200
                                        Houston, Texas 77056
                                        Telephone: (713) 977-8686
                                        Facsimile:  (713) 977-5395
                                        palm@hooverslovacek.com
                                        ballases@hooverslovacek.com

OF COUNSEL:

**OFFIT KURMAN, P.A.**
Gregory Grissett
Lynn M. Terrebonne
Michael P. Hogan
1801 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103
Telephone: (267) 388-1332
ggrissett@offitkurman.com
lynn.terrebonne@offitkurman.com
michael.hogan@offitkurman.com

**ATTORNEY FOR DEFENDANTS,
JACKSBOSTON, LLC, COURTLAND RUSH,
AND KEEGAN RUSH**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this the 24th day of March, 2020, a true and correct copy of the foregoing document was served on all counsel and parties in this matter by the manner stated below:

    **VIA E-FILING SERVICE**
    Todd S. Frank
    Munsch, Hardt, Kopf & Harr, P.C.
    700 Milam Street, Suite 2700
    Houston, Texas 77002
    tfrank@munsch.com

    */s/ Courtney E. Palm*
    Courtney E. Palm